UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>C. WEGMAN, et al.,<br><br>　　　　Defendants | Case No. 1:14 cv 00415 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate Judge on April 7, 2014 (ECF No. 5).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Centinela State Prison, brings this civil rights action against defendant CDCR officials employed by the CDCR at Kern Valley State Prison, where the events at issue occurred.  Plaintiff names as defendants the following individuals: Community Resource Manager C. Wegman; Chaplain C. Bowman; Correctional Counselor M. Searman; Staff Services Manager C. Hammond.  Plaintiff claims that he was denied the right to freely exercise his religious beliefs.

Plaintiff alleges that, while he was housed at Kern Valley, Defendants refused to provide him with religious meals.  Plaintiff alleges that he requested a "kosher diet program for Nation of Islam inmates."  Plaintiff alleges that Defendants "failed to provide Plaintiff with a reasonable accommodation to a Jewish kosher diet."  Specifically, Plaintiff alleges that On July 17, 2013, he requested from Defendant Wegman a Jewish kosher diet that meets Plaintiff's dietary requirements according to the guidance and teachings of Elijah Muhammad and the Nation of Islam.   Plaintiff's request was denied by Defendant Wegman on the ground that Jewish kosher diets are only provided to Jewish inmates.  Plaintiff filed a grievance regarding the issue, and Defendant Chaplain Bowman denied the appeal on the ground that Plaintiff did not meet the requirement for a Jewish kosher diet.  Plaintiff alleges that in the Nation of Islam, "the food of the Jew and Muslim are similar."  Plaintiff therefore alleges that the refusal to provide him with a Jewish diet violates his right to equal protection.

Plaintiff attaches as an exhibit to his complaint a copy of the Third Level Appeal Decision of his grievance.  The appeal was denied, based on the following findings:

> The TLR notes that pursuant to CCR 3054.2(g)(1), Jewish kosher meals shall be available at designated institutions, and Jewish inmates may participate in the JKDP, as determined by a Jewish Chaplain.  According to CCR 3054.2(g)(1), the JKDP shall be

>administered in accordance with the provisions of this section, and a Jewish Chaplain shall determine entry into the program.
>Chaplain Bowman recently interviewed the appellant and informed him he was not eligible to participate in the JKDP. It was noted that appellant acknowledged that he is Islamic, not Jewish, and is not approved to participate in the JKDP. As the appellant does not currently meet the criteria to participate in the JKDP, he may wish to explore other options if he does not like the RMA program. The appellant is free to purchase kosher food items from an approved outside vendor at his expense.

A. **First Amendment**

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987)(citing O'Lone v. Shabazz, 482 U.S. 342 (1987); see Bell v. Wolfish, 441 U.S. 520, 545 (1979). Only beliefs which are sincerely held and rooted in religious beliefs trigger the Free Exercise Clause. Shakur v. Schriro, 514 F.3d 878, 884-885 (9th Cir. 2008)(citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); Callahan v. Woods, 658 F.2d 679, 683 (9th Cir. 1981). Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." Id. A second consideration is "whether there are alternative means of exercising the right that remains open to prison inmates." Id. at 90 9internal quotation marks and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." Id. "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Id.

Plaintiff fails to sate a claim for violation of the Free Exercise Clause because he does not allege facts that indicate that he was denied the ability to practice his faith. Plaintiff requests a

3

Kosher diet, but fails to demonstrate why he requires the Jewish Kosher diet for his religious beliefs. Plaintiff asserts that pursuant to the Nation of Islam, the "the food of the Jew and Muslim are similar." In his attached appeal, form, Plaintiff acknowledges that he is Muslim. The appeal form indicates that Plaintiff does not meet the regulatory criteria for Jewish Kosher meals. Plaintiff fails to demonstrate why the Muslim diet, or another available religious diet, was insufficient to meet his dietary needs.

**B** **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) provides
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. RLUIPA "mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard under Turner." Shakur, 514 F.3d at 888 (citing Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005). The Supreme Court has noted "RLUIPA … protects institutionalized persons who are unable to freely attend their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005). RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004). Plaintiff has failed to allege facts indicating that the practice of his religion was substantially burdened. Plaintiff has failed to allege how, as a self-identified Muslim, the practice of his religions has been substantially burdened by the denial of Jewish religious meals.

4

### C. **Equal Protection**

"The Equal Protection Clause … is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982).  A prisoner is entitled to "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319, 321-322 (1972)(per curiam).  To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him with a reasonable opportunity to pursue his faith compared to other similarly situated religious groups.  Cruz, 405 U.S. at 321-322; Shakur, 514 F.3d at 891; Serrano v.Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001).  Plaintiff makes no such allegations here.

### III. **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).   Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own words,

5

what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 24, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE