UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| QUINCY SIMS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>C. WEGMAN; C. BOWMAN; M. SEAMAN; and C. HAMMOND,<br><br>　　　　　　Defendants. | Case No.  1:14-cv-00415-EPG (PC)<br><br>**ORDER FOR PLAINTIFF TO EITHER:**<br><br>**(1) FILE A SECOND AMENDED COMPLAINT;**<br><br>**OR**<br><br>**(2) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED WITH THE FIRST AMENDED COMPLAINT ONLY ON THE FIRST AMENDMENT AND RLUIPA CLAIMS AGAINST DEFENDANT BOWMAN.**<br><br>**THIRTY DAY DEADLINE<br>(Doc. 8).** |
|---|---|

**I.　　Background**

Plaintiff, Quincy Sims, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a Complaint in this action on March 24, 2014.  (Doc. 1.)[1]  The Complaint was screened and dismissed with leave to amend. (Doc. 7.)  Plaintiff subsequently filed a First Amended Complaint which is currently before the Court for screening.  (Doc. 8.).  Plaintiff has consented to magistrate judge jurisdiction pursuant to

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1

28 U.S.C. § 636 (c).[2]

A review of Plaintiff's First Amended Complaint reveals that Plaintiff states a cognizable claim against Defendant C. Bowman for an alleged violation of the free exercise of religion under the First Amendment of the Constitution, and for a claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1.  However, he does not state a claim against any of the other Defendants. Plaintiff shall be given a choice to either proceed the above referenced claims against Defendant Bowman, or file a Second Amended Complaint.

## II.     **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id*. Leave to amend may be granted to the extent that the deficiencies in the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S.5 06, 512 (2002).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678,

---

[2] Plaintiff filed a consent to proceed before a magistrate judge on April 7, 2014. (Doc. 5).

quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

**A.     Summary of the First Amended Complaint**

Plaintiff, brings this civil rights action against CDCR officials employed at Kern Valley State Prison, where the events at issue occurred.[3] Plaintiff names C. Wegman, Community Resource Manager; C. Bowman, Chaplain; M. Seaman, Correctional Counselor II; and C. Hammond, Staff Services Manager, as Defendants in this action. (collectively, "Defendants"). Plaintiff claims that he was denied the right to freely exercise his religious beliefs under the First Amendment of the Constitution because Defendants refused to provide him with a Kosher diet.

Specifically, Plaintiff alleges that he is a member of the "Nation of Islam," and a tenant of

---

[3] Plaintiff is currently an inmate at CDCR at the Centinela State Prison.

that religion is that members do not eat foods prepared from chemically washed utensils or trays, or eat foods that are stored in cans or wax containers because it "destroys their inner bodies." Doc. 8, pgs 4-7.  Plaintiff asserts that preparing, storing, and cooking food according to these Islamic teachings improves his ability to think, and increases his mental ability so he is better able to focus on the tenants of Islam. (Doc. 8, pg. 5).

Plaintiff alleges that Defendants advised him that the prison does not have a diet program that is consistent with these Islamic traditions.  Plaintiff subsequently requested a Kosher diet which he contends is sufficiently similar to the Nation of Islam's diet. However, Defendants denied his request because he is not Jewish.[4] Plaintiff alleges that denial of Kosher foods inhibits his ability to practice his faith because this diet is taught by the "Honorable Elijah Muhammad." (Doc. 8, pg. 6).  For relief, Plaintiff requests that he be provided a Kosher diet, and he also seeks punitive damages. (Doc. 8, pg. 9).

### B.     **Pleading Requirements under 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Thus, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Moreover, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See*

---

[4] The date these events occurred are not specified in Plaintiff's complaint, however, he has attached documents related to his appeal which reveal he requested a change in diet on June 25, 2013. (Doc. 8, pg. 10). He completed the grievance process on March 3, 2014. (Doc. 8, pg. 25).

*Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

### C. Plaintiff's Claims for Relief

#### 1. *First Amendment Claim for the Free Exercise of Religion*

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1997)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of inmates' religions by preventing them from engaging in conduct that he or she sincerely believes is consistent with their faith. However, an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)). Here, Plaintiff alleges that he has been denied a Kosher diet which is consistent with his religious beliefs and practices of the Islamic Nation, and that an inability to eat this diet has inhibited his right to practice his religion. Accordingly, he has stated a claim for the free exercise of religion under the First Amendment.

#### 2. *RLUIPA*

Although Plaintiff has not explicitly cited to RLUIPA in his pleading, the Court must afford him the benefit of the doubt in ascertaining what claims he has raised in his complaint. *Alvarez v. Hill*, 518 F.3d 1158 (9th Cir. 2008). RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a

compelling governmental interest and does so by the least restrictive means,'" *Alvarez v. Hill*, 518 F.3d at 1156 (9th Cir. 2009) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 997-98 (9th Cir. 2005)).

In this instance, Plaintiff's First Amended Complaint has stated a claim under RLUIPA since he alleges the prison's failure to provide him with a Kosher diet inhibits his religious practices. Plaintiff is advised, however, that monetary damages claims are not available under the RLUIPA against prison officials in their individual capacity, *Wood v. Yordy*, 753 F.3d 899 (9th Cir. 2014); nor are they available for actions in one's official capacity because of sovereign immunity, *Sossamon v. Texas*, 131 S.Ct. 1651 (2011); *Alvarez v. Hill*, 667 F.3d at 1063.

### D. **Defendants**

The amended complaint alleges that the Defendants denied Plaintiff a religious diet consistent with the Nation of Islam's Tenants of eating. However, Plaintiff has failed to link the actions of each defendant with the alleged deprivation he suffered. It is clear from the attachments to the First Amended Complaint that Chaplain Bowman interviewed Plaintiff and determined Plaintiff was not eligible to receive a Kosher diet. (Doc. 8, pgs. 13 and 25). However, it appears that the only involvement of the other Defendants - C. Wegman, a Community Resource Manager; M. Seaman, a Correctional Counselor; and C. Hammond, a Staff Services Manager - was to process Plaintiff's appeals on this issue. (Doc. 8, pgs. 11, 14, 18 and 26).

Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation. *Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014). Moreover, "the Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing of his appeals. Additionally, Plaintiff may not create a protected liberty interest in the appeals process by alleging he was denied a particular result, or that the appeals process was deficient, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Finally, generally, there is no *respondeat superior* liability in civil rights actions under section 1983; each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677; *Jones v. Williams*, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Id*. Here, it appears Plaintiff cannot state a claim and against Defendants Wegman, Seaman, and Hammond because their only involvement in the alleged violations is that they processed Plaintiff's appeals.

### III. CONCLUSION

Plaintiff's First Amended Complaint states a claim for an alleged violation of the free exercise of religion under the First Amendment of the Constitution and for a violation of RLUIPA against Defendant Bowman. However, the only involvement that Defendants C. Wegman, M. Seaman, and C. Hammond had in this case appears to relate to the processing and denial of Plaintiff's appeals as part of the grievance process. Therefore, Plaintiff fails to state cognizable claims against any of these Defendants.

Plaintiff may either proceed with the First Amended Complaint on the claims found cognizable by the Court,[5] or file a Second Amended Complaint curing the deficiencies identified by this order. If Plaintiff chooses to file a Second Amended Complaint, that complaint will supersede the First Amended Complaint and the Court will screen the Second Amended Complaint in full.

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 678; *Jones*, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff is reminded that generally, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in

---

[5] If Plaintiff chooses to proceed on the First Amended Complaint as filed, the Court will dismiss the other Defendants identified in this order.

the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added).  Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims.  Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights.  Plaintiff should also describe any harm he suffered as a result of the violation.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   (1) File a Second Amended Complaint attempting to cure the deficiencies identified in this order; or
   (2) Notify the Court in writing that he does not wish to file a Second Amended complaint and is instead willing to proceed only on the free exercise of religion under the First Amendment and RLUIPA against Defendant Bowman.
3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:14-cv-00415-EPG-PC; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **April 27, 2016**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE