UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. BOWMAN,<br><br>        Defendant. | 1:14-cv-00415-EPG (PC)<br><br>ORDER DIRECTING PLAINTIFF TO RESPOND REGARDING DEFENDANT BOWMAN<br><br>(ECF NO. 21)<br><br>30-DAY DEADLINE |

Quincy Sims ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 24, 2014. (ECF No. 1). This action now proceeds on the First Amended Complaint filed on March 10, 2015, against defendant C. Bowman on Plaintiff's Religious Land Use and Institutionalized Persons Act of 2000 and First Amendment free exercise claim. (ECF Nos. 8, 10, & 12).

On June 7, 2016, the Court issued an order directing the United States Marshal Service ("the Marshal") to serve process upon defendant C. Bowman. (ECF No. 14). On September 16, 2016, the Marshal filed a return of service unexecuted, indicating that the Marshal was unable to locate defendant Bowman for service of process (the California Department of Corrections and Rehabilitation told the Marshal that defendant Bowman resigned, joined the army, and did not leave a forwarding address). (ECF No. 15). On September 22, 2016, the Court issued an order for Plaintiff to show cause why the case should not be dismissed for failure to serve defendant C. Bowman. (ECF No. 16). On October 18, 2016, Plaintiff filed a response. (ECF No. 17). Plaintiff stated that he obtained "additional information to provide

1

the Marshal for service." (Id.). Accordingly, the Court discharged the order to show cause and provided Plaintiff with the appropriate service documents to complete and return. (ECF No. 18). Plaintiff submitted the service documents (ECF No. 19), and the Court directed the Marshal to serve process on defendant Bowman. (ECF No. 20).

On May 22, 2017, the Marshal returned the summons unexecuted. (ECF No. 21). It appears that the Marshal mailed waivers of service to both the Attorney General and the Department of Defense, and did not receive a response from either. The address Plaintiff provided the Marshal for service was "1400 Defense Pentagon, Washington D.C. 20301."

The Court will not require the Marshal to attempt personal service on the Pentagon at this time. It is not clear that this is a correct address for Defendant Bowman and the Court requires more information before requiring the Marshal to attempt personal service. If Plaintiff does not have a current address for Defendant Bowman, the Court will dismiss Plaintiff's case against Defendant Bowman without prejudice.

Thus, the Court requires a response from Plaintiff regarding how to proceed in light of the failure to locate Defendant Bowman. The Court will give Plaintiff three options: 1) Provide another address for defendant Bowman, in which case the Court will send Plaintiff the appropriate service documents to complete and return; 2) Provide credible evidence indicating that defendant Bowman is at the Pentagon such that the Court should order the Marshal to attempt personal service on the Pentagon in order to service Defendant Bowman; 3) Dismiss Defendant Bowman without prejudice; 4) File a motion to for a third party subpoena if Plaintiff believes there is someone who has documents indicating where Defendant Bowman can be served.[1]

Accordingly, based on the foregoing, IT IS ORDERED that:

---

[1] To issue a subpoena, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshal Service. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff. Fed. R. Civ. P. 34. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party. The documents requested must also fall within the limited scope of discovery.

1. Within 30 days of the date of service of this order, Plaintiff shall file a response regarding service on Defendant Bowman, as described in this order;
2. The Marshal is not required to attempt personal service on defendant Bowman at the Pentagon until further order of the Court;
3. The Clerk of Court is directed to serve a copy of this order on the Marshal; and
4. <u>Failure to comply with this order may result in dismissal of this action of Defendant Bowman from this action without prejudice</u>.

IT IS SO ORDERED.

Dated: **May 23, 2017**

/s/ *Enici P. Grosj*
UNITED STATES MAGISTRATE JUDGE