UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>        Plaintiff,<br><br>   v.<br><br>C. BOWMAN,<br><br>        Defendant. | 1:14-cv-00415-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION DIRECTING SERVICE ON THE PENTAGON<br><br>(ECF NO. 23)<br><br>30-DAY DEADLINE |

      Quincy Sims ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 24, 2014. (ECF No. 1). This action now proceeds on the First Amended Complaint filed on March 10, 2015, against defendant C. Bowman on Plaintiff's Religious Land Use and Institutionalized Persons Act of 2000 and First Amendment free exercise claims. (ECF Nos. 8, 10, & 12).

      On June 7, 2016, the Court issued an order directing the United States Marshal Service ("the Marshal") to serve process upon defendant C. Bowman. (ECF No. 14). On September 16, 2016, the Marshal filed a Form USM-285, indicating that the Marshal was unable to locate defendant Bowman for service of process. (ECF No. 15). On September 22, 2016, the Court issued an order for Plaintiff to show cause why the case should not be dismissed for failure to serve defendant C. Bowman. (ECF No. 16). On October 18, 2016, Plaintiff filed a response. (ECF No. 17). Plaintiff stated that he obtained "additional information to provide the Marshal for service." (Id.). Accordingly, the Court discharged the order to show cause and provided Plaintiff with the appropriate service documents to complete and return. (ECF No. 18).

1

Plaintiff submitted the service documents (ECF No. 19), and the Court directed the Marshal to serve process on defendant Bowman. (ECF No. 20).

On May 22, 2017, the Marshal filed a Form USM-285, indicating that the Marshal was unable to locate defendant Bowman for service of process. (ECF No. 21). Because the Marshal was unable to locate defendant Bowman, and because it was unclear why Plaintiff believes that defendant Bowman currently works at the Pentagon, the Court did not require the Marshal to attempt personal service. (ECF No. 22). Instead, the Court required a response from Plaintiff regarding how to proceed in light of the failure to locate defendant Bowman. The Court gave Plaintiff four options: 1) Provide another address for defendant Bowman; 2) Provide credible evidence indicating that defendant Bowman is at the Pentagon; 3) Dismiss defendant Bowman from this action without prejudice; or 4) File a motion for a third party subpoena if Plaintiff believed there was someone who has documents indicating where defendant Bowman could be served.

On June 12, 2017, Plaintiff responded by filing a motion directing service on the Pentagon. (ECF No. 23). Plaintiff asks the Court to order the Marshal to personally serve the "service of process receiver" at the Pentagon.

The Court notes that Plaintiff did not obey the Court's previous order. The Court told Plaintiff that if he wanted the Court to order personal service at the pentagon, he had to provide credible evidence indicating that defendant Bowman is at the Pentagon. Instead of providing evidence that defendant Bowman is at the Pentagon, Plaintiff asks the Court to order the Marshal to serve the "service of process receiver" at the Pentagon. However, Plaintiff provided no evidence that this person exists, and did not even provide this person's name. The Court has reviewed public records and consulted with the Marshal, and the Court cannot find any indication of a "service of process receiver" at the Pentagon that is authorized to receive service on behalf of military service members.

Because it does not appear that there is a "service of process receiver" at the Pentagon that is authorized to receive service on behalf of military service members, the Court will deny Plaintiff's motion. However, the Court will allow Plaintiff to submit evidence that shows that

the "service of process receiver" exists or to name a specific person to serve.

      Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion directing service on the Pentagon is DENIED, without prejudice;
2. Within 30 days of the date of service of this order, Plaintiff shall:
   a. Provide another address for defendant Bowman;
   b. Provide credible evidence indicating that the Pentagon has a "service of process receiver" that is authorized to receive service on behalf of military service members or name a specific person to serve at the Pentagon;
   c. Dismiss defendant Bowman from this action without prejudice; OR
   d. File a motion for a third party subpoena.
3. <u>Failure to comply with this order may result in dismissal of this action without prejudice</u>.

IT IS SO ORDERED.

Dated: **June 15, 2017**　　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE