UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. BOWMAN,<br><br>        Defendant. | Case No. 1:14-cv-00415-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THIRD PARTY SUBPOENA, DISMISSING DEFENDANT C. BOWMAN, GRANTING PLAINTIFF LEAVE TO AMEND, AND DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF SCREENING ORDER (ECF NO. 10)<br><br>(ECF NO. 28) |

Quincy Sims ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 24, 2014. (ECF No. 1). This action now proceeds on the First Amended Complaint filed on March 10, 2015, against defendant C. Bowman on Plaintiff's Religious Land Use and Institutionalized Persons Act of 2000 and First Amendment free exercise claims. (ECF Nos. 8, 10, & 12).

On April 7, 2014, Plaintiff consented to magistrate judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 5), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

**I.   BACKGROUND**

On June 7, 2016, the Court issued an order directing the United States Marshal Service

1

("the Marshal") to serve process upon defendant Bowman. (ECF No. 14). On September 16, 2016, the Marshal filed a Form USM-285, indicating that the Marshal was unable to locate defendant Bowman for service of process. (ECF No. 15). On September 22, 2016, the Court issued an order for Plaintiff to show cause why the case should not be dismissed for failure to serve defendant Bowman. (ECF No. 16). On October 18, 2016, Plaintiff filed a response. (ECF No. 17). Plaintiff stated that he obtained "additional information to provide the Marshal for service." (Id.). Accordingly, the Court discharged the order to show cause and provided Plaintiff with the appropriate service documents to complete and return. (ECF No. 18). Plaintiff submitted the service documents (ECF No. 19), and the Court directed the Marshal to serve process on defendant Bowman. (ECF No. 20).

On May 22, 2017, the Marshal filed a Form USM-285, indicating that the Marshal was unable to locate defendant Bowman for service of process. (ECF No. 21). Because the Marshal was unable to locate defendant Bowman, and because it was unclear why Plaintiff believed that defendant Bowman worked at the Pentagon, the Court did not require the Marshal to attempt personal service. (ECF No. 22). Instead, the Court required a response from Plaintiff regarding how to proceed in light of the failure to locate defendant Bowman. The Court gave Plaintiff four options: 1) provide another address for defendant Bowman; 2) provide credible evidence indicating that defendant Bowman is at the Pentagon; 3) dismiss defendant Bowman from this action without prejudice; or 4) file a motion for a third party subpoena if Plaintiff believed there was someone who had documents indicating where defendant Bowman could be served.

On June 12, 2017, Plaintiff responded by filing a motion directing service on the Pentagon. (ECF No. 23). Plaintiff asked the Court to order the Marshal to personally serve the "service of process receiver" at the Pentagon.

Plaintiff's response did not comply with the Court's order. The Court told Plaintiff that if he wanted the Court to order personal service at the Pentagon, he had to provide credible evidence indicating that defendant Bowman was at the Pentagon. Instead of providing evidence that defendant Bowman was at the Pentagon, Plaintiff asked the Court to order the

Marshal to serve the "service of process receiver" at the Pentagon. Plaintiff provided no evidence that this person exists, and did not even provide this person's name.

The Court reviewed public records and consulted with the Marshal, and the Court could not find any indication of a "service of process receiver" at the Pentagon that is authorized to receive service on behalf of military service members. Accordingly, the Court entered an order on June 15, 2017, giving Plaintiff the following four options: 1) provide another address for defendant Bowman; 2) provide credible evidence indicating that the Pentagon has a "service of process receiver" that is authorized to receive service on behalf of military service members; 3) dismiss defendant Bowman from this action without prejudice; or 4) file a motion for a third party subpoena. (ECF No. 24).

## II. PLAINTIFF'S MOTION FOR THIRD PARTY SUBPOENA

On July 31, 2017, Plaintiff filed a response to the Court's order of June 15, 2017. (ECF No. 28). While Plaintiff titled the response "motion for a third party subpoena," Plaintiff once again failed to follow the Court's direction. Plaintiff's motion states that his claim is actually against the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff then asks for a third party subpoena to be issued to C. Wegman, not to identify the location of defendant Bowman, but so that C. Wegman can testify "on behalf of the defendant and the denial of Plaintiff[']s rights based on the policy of the CDCR until defendant C. Bowman can be located."

Instead of attempting to locate defendant Bowman, Plaintiff appears to be attempting to amend his complaint to change defendants. Plaintiff does not provide any additional information to locate Defendant Bowman.

## III. DISMISSAL OF DEFENDANT BOWMAN FOR FAILURE TO SERVE

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

3

Fed. R. Civ. P. 4(m).[1]

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties....'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

As discussed in detail above, the Court has given Plaintiff several opportunities to provide accurate and sufficient information to the Marshal so that the Marshal could effect service of the summons and complaint on defendant Bowman, but Plaintiff has failed to do so.

Accordingly, the Court will dismiss defendant Bowman from this case, without prejudice, due to Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Bowman within the time period prescribed by Federal Rule of Civil Procedure 4(m).

IV.  **LEAVE TO AMEND COMPLAINT**

Plaintiff's response appears to allege that his claims may be asserted against the CDCR. The CDCR is not currently a defendant in this case. If Plaintiff wishes to assert his claims

---

[1] Fed. R. Civ. P. 4(m) was amended in 2015 to reduce the time for serving a defendant from 120 days to 90 days. However, the time period to serve defendant Bowman has expired under both the pre-amendment version of the rule and the current version rule.

against the CDCR, he must amend his complaint. The Court will screen that complaint in due course.

The Court has already provided guidance to Plaintiff regarding the legal standards for his claims. In the abundance of caution, the Court will send Plaintiff another copy of the screening order entered on April 27, 2016 (ECF No. 10).

The Court notes that "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). Additionally, the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. Ex parte Young, 209 U.S. 123, 155-56 (1908); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n. 10 (1989); Kentucky v. Graham, 473 U.S., 159, 167 n. 14 (1985); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007). Thus, to the extent that Plaintiff seeks religious accommodations going forward, rather than money damages for the past, it is possible that he may have a cognizable claim against the CDCR.

**V. ORDER**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for a third party subpoena is DENIED;
2. Defendant Bowman is dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Bowman within the time period prescribed by Federal Rule of Civil Procedure 4(m);
3. Plaintiff has thirty (30) days from the date of service of this order to file an amended complaint; and

\\\

\\\

4. The Clerk of Court is directed to send Plaintiff a copy of the screening order entered on April 27, 2016 (ECF No. 10).

IT IS SO ORDERED.

Dated: **August 2, 2017**   /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE