UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>          Plaintiff,<br><br>    v.<br><br>C. WEGMAN, et al.,<br><br>          Defendants. | Case No. 1:14-cv-00415-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDERS<br><br>(ECF NOS. 10, 12, 29, & 34)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Quincy Sims ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court previously screened Plaintiff's First Amended Complaint (ECF No. 8). The Court found that Plaintiff stated cognizable claims against Defendant C. Bowman for violation of Plaintiff's First Amendment right to free exercise of religion and for violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and dismissed all other claims and defendants. (ECF Nos. 10 & 12). Prior to the Court dismissing claims and defendants, Plaintiff agreed to proceed only on the claims found cognizable by the Court. (ECF No. 11).

On August 3, 2017, after giving Plaintiff several opportunities to provide (or find) the service address for Defendant Bowman, the Court dismissed Defendant Bowman from the case because Plaintiff failed to provide the United States Marshals Service ("the Marshal") with accurate and sufficient information to effect service of the summons and complaint on

1

Defendant Bowman within the time period prescribed by Federal Rule of Civil Procedure 4(m). (ECF No. 29).

On August 30, 2017, Plaintiff notified the Court that he did not wish to file an amended complaint. (ECF No. 30). On September 6, 2017, the case was dismissed. (ECF No. 34).

Plaintiff appealed. (ECF No. 31). The United States Court of Appeals for the Ninth Circuit vacated and remanded because not all parties had consented to magistrate judge jurisdiction before the magistrate judge dismissed defendants, which is required by *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). (ECF Nos. 37 & 40).

As described below, this Court will recommend that the assigned district judge dismiss this case consistent with the orders by the magistrate judge at the screening stage.

## I. SCREENING ORDER

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

(quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### B. Summary of Plaintiff's First Amended Complaint

Plaintiff brings this civil rights action against California Department of Corrections and Rehabilitation ("CDCR") officials employed at Kern Valley State Prison, where the events at issue occurred. Plaintiff names C. Wegman, Community Resource Manager; C. Bowman, Chaplain; M. Seaman, Correctional Counselor II; and C. Hammond, Staff Services Manager, as Defendants in this action. (collectively, "Defendants"). Plaintiff claims that he was denied the right to freely exercise his religious beliefs under the First Amendment of the Constitution because Defendants refused to provide him with a Kosher diet.

Specifically, Plaintiff alleges that he is a member of the "Nation of Islam," and a tenant of that religion is that members do not eat foods prepared from chemically washed utensils or trays, or eat foods that are stored in cans or wax containers because it "destroys their inner bodies." (ECF No. 8, pgs. 4-7). Plaintiff asserts that preparing, storing, and cooking food according to these Islamic teachings improves his ability to think, and increases his mental ability so he is better able to focus on the tenants of Islam. (Id. at 5).

Plaintiff alleges that Defendants advised him that the prison does not have a diet program that is consistent with these Islamic traditions. Plaintiff subsequently requested a Kosher diet, which he contends is sufficiently similar to the Nation of Islam's diet. However,

///
///
///

3

Defendants denied his request because he is not Jewish.[1] Plaintiff alleges that denial of Kosher foods inhibits his ability to practice his faith because this diet is taught by the "Honorable Elijah Muhammad." (Id. at 6). For relief, Plaintiff requests that he be provided a Kosher diet. (Id. at 8). He also seeks punitive damages. (Id.).

**C. Analysis of Plaintiff's Claims**

i. 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which

---

[1] The date these events occurred are not specified in Plaintiff's complaint, however, he has attached documents related to his appeal which reveal he requested a change in diet on June 25, 2013. (ECF No. 8, p. 10). He completed the grievance process on March 3, 2014. (Id. at 25).

complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

### ii. First Amendment Claim for the Free Exercise of Religion

"[P]risoners retain the protections of the First Amendment," but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1997)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of inmates' religions by preventing them from engaging in conduct that he or she sincerely believes is consistent with their faith. However, an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Here, Plaintiff alleges that he has been denied a Kosher diet, which is consistent with his religious beliefs and practices of the Islamic Nation, and that an inability to eat this diet has inhibited his right to practice his religion. Accordingly, the Court finds that Plaintiff has stated a claim for violation of his First Amendment right to free exercise of religion.

### iii. Religious Land Use and Institutionalized Persons Act of 2000

Although Plaintiff did not explicitly cite to RLUIPA in his pleading, the Court must afford him the benefit of the doubt in ascertaining what claims he has raised in his complaint. *Alvarez v. Hill*, 518 F.3d 1158 (9th Cir. 2008). RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a

compelling governmental interest and does so by the least restrictive means,'" *Alvarez v. Hill*, 518 F.3d at 1156 (9th Cir. 2009) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 997-98 (9th Cir. 2005)).

The Court finds that Plaintiff's First Amended Complaint has stated a claim under RLUIPA since he alleges the prison's failure to provide him with a Kosher diet inhibits his religious practices. Plaintiff is advised, however, that monetary damages claims are not available under the RLUIPA against prison officials in their individual capacity, *Wood v. Yordy*, 753 F.3d 899 (9th Cir. 2014); nor are they available for actions in one's official capacity because of sovereign immunity, *Sossamon v. Texas*, 131 S.Ct. 1651 (2011); *Alvarez v. Hill*, 667 F.3d at 1063.

### iv. Defendants

The First Amended Complaint alleges that Defendants denied Plaintiff a religious diet consistent with the Nation of Islam's tenants of eating. However, Plaintiff has failed to link the actions of each defendant with the alleged deprivation he suffered. It is clear from the attachments to the First Amended Complaint that Chaplain Bowman interviewed Plaintiff and determined that Plaintiff was not eligible to receive a Kosher diet. (ECF No. 8, pgs. 13 & 25). However, it appears that the only involvement of the other Defendants – C. Wegman, a Community Resource Manager; M. Seaman, a Correctional Counselor; and C. Hammond, a Staff Services Manager – was to process Plaintiff's appeals on this issue. (Id. at 11, 14, 18 and 26).

Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation. *Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014). Moreover, "the Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing of his appeals. Additionally, Plaintiff may not create a protected liberty interest in the appeals process by alleging he was denied a particular result, or that the appeals process

was deficient, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Finally, generally, there is no *respondeat superior* liability in civil rights actions under section 1983; each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677; *Jones v. Williams*, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Id*. Here, it appears Plaintiff cannot state a claim and against Defendants Wegman, Seaman, and Hammond because their only involvement in the alleged violations is that they processed Plaintiff's appeals.

## II. DISMISSAL OF DEFENDANT BOWMAN

While the Court found cognizable claims against Defendant Bowman, the Court will recommend dismissing Defendant Bowman due to Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant Bowman within the time period prescribed by Federal Rule of Civil Procedure 4(m).

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[2]

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), *overruled on other*

---

[2] Fed. R. Civ. P. 4(m) was amended in 2015 to reduce the time for serving a defendant from 120 days to 90 days. However, the time period to serve defendant Bowman has expired under both the pre-amendment version of the rule and the current version rule.

*grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

On June 7, 2016, the Court issued an order directing the Marshal to serve process upon Defendant Bowman. (ECF No. 14). On September 16, 2016, the Marshal filed a Form USM-285, indicating that the Marshal was unable to locate Defendant Bowman for service of process. (ECF No. 15). On September 22, 2016, the Court issued an order for Plaintiff to show cause why the case should not be dismissed for failure to serve Defendant Bowman. (ECF No. 16). On October 18, 2016, Plaintiff filed a response. (ECF No. 17). Plaintiff stated that he obtained "additional information to provide the Marshal for service." (Id.). Accordingly, the Court discharged the order to show cause and provided Plaintiff with the appropriate service documents to complete and return. (ECF No. 18). Plaintiff submitted the service documents (ECF No. 19), and the Court again directed the Marshal to serve process on Defendant Bowman. (ECF No. 20).

On May 22, 2017, the Marshal filed a Form USM-285, indicating that the Marshal was again unable to locate Defendant Bowman for service of process. (ECF No. 21). Because the Marshal was unable to locate defendant Bowman, and because it was unclear why Plaintiff believed that Defendant Bowman worked at the Pentagon, the Court did not require the Marshal to attempt personal service. (ECF No. 22). Instead, the Court required a response from Plaintiff regarding how to proceed in light of the failure to locate Defendant Bowman. The Court gave Plaintiff four options: 1) provide another address for Defendant Bowman; 2) provide credible evidence indicating that Defendant Bowman is at the Pentagon; 3) dismiss Defendant Bowman from this action without prejudice; or 4) file a motion for a third party subpoena if Plaintiff believed there was someone who had documents indicating where Defendant Bowman could be served.

On June 12, 2017, Plaintiff responded by filing a "motion directing service on the Pentagon." (ECF No. 23). Plaintiff asked the Court to order the Marshal to personally serve the "service of process receiver" at the Pentagon.

Plaintiff's response did not comply with the Court's order. The Court told Plaintiff that if he wanted the Court to order personal service at the Pentagon, he had to provide credible evidence indicating that Defendant Bowman was at the Pentagon. Instead of providing evidence that Defendant Bowman was at the Pentagon, Plaintiff asked the Court to order the Marshal to serve the "service of process receiver" at the Pentagon. Plaintiff provided no evidence that this person exists, and did not even provide this person's name.

The Court reviewed public records and consulted with the Marshal, and the Court could not find any indication of a "service of process receiver" at the Pentagon that is authorized to receive service on behalf of military service members. Accordingly, the Court entered an order on June 15, 2017, giving Plaintiff the following four options: 1) provide another address for Defendant Bowman; 2) provide credible evidence indicating that the Pentagon has a "service of process receiver" that is authorized to receive service on behalf of military service members; 3) dismiss Defendant Bowman from this action without prejudice; or 4) file a motion for a third party subpoena. (ECF No. 24).

On July 31, 2017, Plaintiff filed a response to the Court's order of June 15, 2017. (ECF No. 28). While Plaintiff titled the response "motion for a third party subpoena," Plaintiff once again failed to follow the Court's direction. Plaintiff's motion stated that his claim is actually against the CDCR. Plaintiff then asked for a third party subpoena to be issued to C. Wegman, not to identify the location of Defendant Bowman, but so that C. Wegman can testify "on behalf of the defendant and the denial of Plaintiff[']s rights based on the policy of the CDCR until defendant C. Bowman can be located."

As discussed in detail above, the Court provided Plaintiff several opportunities to provide accurate and sufficient information to the Marshal so that the Marshal could effect service of the summons and complaint on Defendant Bowman, but Plaintiff failed to do so.

Accordingly, the Court will recommend dismissing Defendant Bowman from this case,

without prejudice, due to Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant Bowman within the time period prescribed by Federal Rule of Civil Procedure 4(m).

### III. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. All claims and defendants, except for Plaintiff's claims against Defendant C. Bowman for violation of Plaintiff's First Amendment right to free exercise of religion and for violation of the Religious Land Use and Institutionalized Persons Act of 2000, be dismissed for failure to state a claim upon which relief may be granted;

2. Plaintiff's claims against Defendant Bowman be dismissed, without prejudice, because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant Bowman within the time period prescribed by Federal Rule of Civil Procedure 4(m); and

3. The Clerk of Court be directed to close this case.[3]

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

///

---

[3] The Court gave Plaintiff leave to amend after it screened Plaintiff's First Amended Complaint, and after dismissing Defendant Bowman. (ECF Nos. 10 & 29). Plaintiff opted not to file an amended complaint on both occasions. (ECF Nos. 11 & 30).

10

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991))

IT IS SO ORDERED.

Dated: **April 16, 2018**

/s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE